## In re SARAUW'S WILL.

(*Surrogate's Court, Albany County.* August 6, 1888.)

WILLS—CONTEST—PROOF OF EXECUTION.

Where one of the two subscribing witnesses to an alleged will testifies that decedent did not say whether the paper was her will, and did not request witness to sign it, and no such declaration or request was made to the witnesses in decedent's presence by any one else, and the other witness, though testifying that the declaration and request were made, states that the instrument was signed by one of the witnesses before decedent signed it, and the testimony of neither witness is overcome by other evidence, probate will be denied; 2 Rev. St. N. Y p. 63, § 40, requiring that at the time of subscribing or acknowledging the subscription testator shall declare the instrument to be his last will, and that the witnesses shall sign at his request, and previous execution by testator being necessary to a good attestation.

On petition for the probate of the will of Isabella P. Sarauw, deceased.

*Thomas R. Horton*, (*H. B. Cushney*, of counsel,) for proponent. *Charles H. Mills*, (*Edwin Countryman*, of counsel,) for contestant.

WOODS, S. The petitioner, Charles Pruyn, named as executor in the written instrument purporting to be the last will of Isabella P. Sarauw, deceased, offers said instrument for probate, claiming that it is the last will of said decedent. Frederick W. Sarauw, the husband of said decedent, objects to the probate, alleging that said instrument was not executed according to law. The laws of this state (see 2 Rev. St. p. 63, § 40) require every last will and testament of real or personal property, or both, to be executed and attested in the following manner: *First*, it shall be subscribed by the testator at the end of the will; *second*, such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made to each of the attesting witnesses; *third*, the testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed to be his last will and testament; *fourth*, there shall be at least two attesting witnesses, each of whom shall sign his name as a witness at the end of the will, at the request of the testator. It is claimed on the part of the contestant that the statutory requirements were not complied with, inasmuch as the decedent did not declare the instrument in question to be her last will and testament, and request the witnesses to sign the same; and, also, inasmuch as one of the witnesses signed her name as a witness before the decedent signed her name. The evidence relating to the question as to whether Mrs. Sarauw did or did not declare the

instrument in question to be her last will, and request the witnesses to sign the same, is conflicting. One of the witnesses swears that she did not, and the other swears that she did. Louise S. Messenger, a woman of mature years, fair understanding, and considerable experience, is one of the subscribing witnesses. Taking her evidence as a whole, and giving every question and answer due weight and consideration, it shows conclusively that Mrs. Sarauw did not declare the instrument to be her last will and testament, and did not request the witnesses to sign their names. She says that Mrs. Sarauw did not tell her anything in relation to the paper, did not say whether it was her will, and did not request the witness to sign it; nor was any such declaration or request made in the presence of Mrs. Sarauw to the witnesses by any one else. On the contrary, the other witness, Zina D. Hyney, an inexperienced girl, 14 years of age, swears positively that Mrs. Sarauw said in the presence of both witnesses: "Zina, I acknowledge before you and Mrs. Messenger that this is my last will and testament, and I want that you should sign it." This witness further testifies that "then Mrs. Messenger took the paper over to the window, and signed her name. She then handed it to Mrs. Sarauw, and Mrs. Sarauw signed her name. Then I took it, and signed my name." On her cross-examination, also, the witness swore that Mrs. Messenger signed first. I cannot reconcile the conflicting testimony of those two witnesses. The proponent endeavors to show by Miss Hyney's evidence that Mrs. Messenger testified to a falsehood when she said that Mrs. Sarauw neither declared the instrument to be her last will and testament, nor requested the witnesses to sign their names, and, thus having disposed of Mrs. Messenger's evidence, he attempts to show by Mrs. Messenger that Miss Hyney's testimony was false when she says that Mrs. Sarauw signed the paper after Mrs. Messenger signed it. This is ingenious, but fails to satisfy me that the requirements of the statute have been complied with. I am aware that a will may be maintained even in opposition to the positive testimony of one or more subscribing witnesses, who, either by mistake or design, swear that the formalities required by law were not complied with, if, from other testimony in the case, the court is satisfied that the contrary was the fact. The difficulty in this case is that there is no other testimony strong enough to overcome the positive testimony of the witnesses; the one swearing to a fact showing the want of a proper declaration and request, and the other a lack of due attestation. The law is well settled that unless the testator declares or causes the witnesses in some form to understand, at the time of making or acknowledging his subscription, that the instrument signed is his will, there is not a sufficient publication. *Bagley* v. *Blackman*, 2 Lans. 41. The law, too, is well settled as to the sequence of the question of execution. The attestation by the signing of the witnesses must be after the testator's execution, and the reason of this is because there can be no attestation to a signature until the signature itself be made. *Jackson* v. *Jackson*, 39 N.Y. 153. The instrument in question was executed without the aid of counsel learned in the law, and it is not surprising that the four ladies present, the testatrix, her sister, Mrs. Smith, who supervised the matter, and the two witnesses, were not sufficiently familiar with the statute in such case made and provided as to cause the instrument in question to be properly executed and attested. Probate of the instrument offered as the last will and testament of Mrs. Sarauw is refused. The form of the order, and the question of costs, are to be hereafter determined.